RECEIVED DEC 15 2015 BY MAIL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLIVIA ROBERTS,<br><br>    Plaintiff,<br><br>vs.<br><br>LOGO LOOPS, LLC, and<br>MARTHA SNEIDER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### NATURE OF THE COMPLAINT

1. This is an action seeking Court approval of a private settlement of a single-plaintiff claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* All of the parties to this action seek the Court's approval of the settlement.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, because this action is brought under the FLSA.

3. This Court has personal jurisdiction over Defendant Logo Loops, LLC ("Logo Loops"), because it is a Missouri limited liability company, transacts business in the State of Missouri, and made a contract in the State of Missouri out of which this action arose.

4. This Court has personal jurisdiction over Defendant Martha Sneider ("Sneider"), because she is a citizen of the State of Missouri.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), because both defendants reside in this District.

## PARTIES

6. Plaintiff, Olivia Roberts ("Roberts"), is an individual and a resident of the State of Massachusetts. From October of 2013 through August of 2014, Roberts was an employee of Logo Loops. Roberts was the only employee of Logo Loops.

7. Logo Loops is a Missouri limited liability company with its principal place of business in St. Louis County, Missouri. Logo Loops is and was at all relevant times an employer. Logo Loops is and was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce. Logo Loops' annual gross volume sales or business done is and was at all relevant times not less than $500,000.00.

8. Sneider is an individual and a resident of St. Louis County, Missouri. Sneider is the manager and sole owner of Logo Loops.

## FACTUAL ALLEGATIONS

9. Roberts and Logo Loops were parties to a written employment agreement.

10. The employment agreement provided for arbitration under American Arbitration Association rules of any claims arising out of or relating to the employment agreement or breach of it. The employment agreement stipulates that the arbitration take place in St. Louis, Missouri.

11. On November 17, 2014, Roberts filed a Demand for Arbitration with the American Arbitration Association against Logo Loops and Sneider, alleging, among other things, that Logo Loops and Sneider had failed to pay Roberts wages and overtime wages, in violation of the FLSA.

12. Logo Loops and Sneider contested Roberts' allegations, including: (a) disputing that Roberts was an employee of Logo Loops or Sneider during September or October of 2013; (b) disputing that Roberts worked 40 hours per week during November and December 2013; (c)

2

asserting that if Roberts was due any wages for hours worked in November and December of 2013, the applicable rate of pay was the federal minimum wage; (d) disputing that Roberts was due any overtime pay for the period of January 2014 through July 2014, on the grounds that she was exempt from overtime under the FLSA; and (e) asserting the good-faith, reasonable basis affirmative defense under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, under which Roberts could be denied recovery of liquidated damages otherwise awardable under the FLSA, 29 U.S.C. § 216(b).

13. A panel of experienced arbitrators ("Panel") conducted the arbitration proceeding.

14. The parties engaged in extensive discovery, including the exchange of documents and written discovery.

15. The parties presented procedural and substantive motions to the Panel. The Panel issued decisions on motions.

16. Each party was represented by counsel experienced in FLSA disputes throughout the arbitration proceeding.

17. Before the hearing date, the parties and their counsel fairly and honestly negotiated and agreed to the terms of a written settlement agreement.

18. The parties executed the settlement agreement.

19. The settlement agreement resolved, among other things, Roberts' claims for wages and overtime wages under the FLSA.

20. The settlement was the product of a bona fide dispute between the parties.

21. The settlement agreement provides for the payment to Roberts of an amount in settlement of Roberts' claim under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees, and costs for the period of September 1,
3
760354.2

2013, through December 31, 2013, and for the dismissal of her claim under the FLSA for the period of January 1, 2014, through July 31, 2014.

22. The settlement agreement further provides for the dismissal of other claims that Roberts had asserted in the arbitration, and mutual releases.

23. In arriving at the settlement amount, the parties took into account, among other things, their own separate and independent evaluations of the likelihood of Roberts' success with respect to any potential recovery, the likelihood of Logo Loops' and Sneider's success with respect to recovery of attorney's fees as provided for under the settlement agreement, and the cost of continued litigation.

24. Roberts does not seek, and her counsel does not seek, attorney's fees.

25. The parties believe that the settlement is fair and reasonable to each of them.

WHEREFORE, Roberts prays for relief as follows:

A. Award of $27,500.00 in favor of Roberts and against Logo Loops and Sneider;

B. Approval of the settlement agreement between the parties; and

C. Award such other relief as the Court deems just and proper.

Logo Loops and Sneider join in this request for relief.

760354.2

Respectfully submitted
OLIVIA ROBERTS
By her Counsel,

Dated: December 14, 2015

_____
Craig D. Levey
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Phone: (617) 589-3884
Fax: (617) 305-3184
clevey@davismalm.com

Attorney for Plaintiff
Motion for *Pro Hac Vice* Admission Pending

760354.2