UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVIA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1857 NCC |
| | ) | |
| LOGO LOOPS, LLC and | ) | |
| MARTHA SNEIDER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement of Fair Labor Standards Act Claim. (Doc. 9). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. Background

On December 15, 2015, plaintiff Olivia Roberts filed this suit in her individual capacity for her single-plaintiff claim alleging that defendants failed to pay wages and overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S. C. § 201 *et seq*. Roberts was the only employee of Logo Loops. According to the Complaint, the parties filed this suit to obtain court approval of a "private settlement" of Roberts' claims. (Doc. 1).

## II. Discussion

### A. Court Approval of FLSA Settlements

The Court first notes that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class. Boland v. Baue Funeral Home Co., No. 4:15-CV-00469 RLW, 2015 WL 7300507, at *1 (E.D. Mo.

November 18, 2015); King v. Raineri Const., LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 257 (5th Cir. 2012) (enforcing private settlement agreement entered into without judicial consent where plaintiff were represented by counsel and the court determined a bona fide dispute had existed when the settlement was entered); Carrillo v. Dandan Inc., Civ. No. 13-671 (BAH), 2014 WL 2890309, at *5 (D.D.C. June 26, 2014) (finding that "no binding case law in this Circuit requires a district court to assess proposed FLSA settlements ex ante"); Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"); Fernandez v. A-1 Duran Roofing, Inc., No. 12-CV-20757 (JLK), 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (finding approval of the parties' private settlement of FLSA claims unnecessary when both parties were represented by counsel); Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 378 (E.D.N.Y. 2013) (concluding that the parties' private settlement for FLSA claims and voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a) did not require judicial approval)).

Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. See King, 2015 WL 631253, at *2; Carrillo, 2014 WL 2890309, at *5 ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date."); Picerni, 925 F. Supp. 2d at 372 ('[U]ntil some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly compromises it, the employer has not eliminated its risk [of exposure to future litigation]."). "[R]eview of a proposed FLSA settlement," however, "is

2

properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." Carrillo, 2014 WL 2890309, at *8.

### B. The Proposed Settlement

A district court may only approve a FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. Fry v. Accent Mktg. Servs. L.L.C., No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." King, 2015 WL 631253, at *2 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 115 (1946); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)). Here, the Court notes that the proposed settlement is the product of contested litigation where the parties dispute the dates of Roberts' employment; the amount of hours she worked; the rate of pay for her wages; and the amount of overtime hours Roberts actually worked.

"In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." King, 2015 WL 631253, at *2 (citing Carrillo, 2014 WL 2890309, at *6 (taking into account the 'totality of the circumstances' to determine the fairness of a FLSA settlement); Fry, 2014 WL 294421, at *1 (considering the fairness factors applied to a Rule 23 class action in the context of a FLSA

collective action and conditionally certified class)). This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures "the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." Lliguichuzhca, 948 F. Supp. 2d at 365. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." Crabtree v. Volkert, Inc., No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of a FLSA settlement") (quoting Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds the proposed settlement fair and reasonable to all parties. The settlement provides payment for lost wages and unpaid overtime compensation, attorney's fees as well as liquidated damages and costs for Roberts in the amount of $27,500.00. Roberts is not seeking an additional amount of attorney's fees. The Court finds no evidence of overreaching on the part of Defendants based upon the amount of the settlement proceeds provided to Roberts.

The settlement also was reached by arm's length negotiation. All parties involved have been represented by experienced counsel throughout the litigation. The parties participated in extensive discovery as part of an arbitration proceeding before the American Arbitration Association in St. Louis. Plaintiff prepared a Statement of Claims. (Doc. 9-3). The parties filed procedural and substantive motions with the arbitration panel, and the panel issued rulings on those motions. (Doc. 9-4). The parties exchanged substantial discovery, which included interrogatories, requests for production, and answers to that discovery by the opposing parties. The parties disclosed approximately 2,500 documents in preparation for the arbitration hearing

that was to commence on September 22, 2015, and they settled all of Roberts' claims prior to the scheduled arbitration hearing. There was a sufficient amount of discovery materials exchanged for the parties to understand the potential recovery and relative risks of proceeding to trial with their claims. Fry, 2014 WL 294421, at *1 ([Y]et the litigation is not so advanced that the parties will not realize significant benefits by settling before filing motions for summary judgment and trial.") The fairness of the process by which the proposed settlement was reached, therefore, further ensures a just outcome.

Normally, the Court also must assess the reasonableness of a plaintiff's attorney's fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. Lliguichuzhca, 948 F. Supp. 2d at 366. Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee through negotiation, "there is a greater range of reasonableness for approving attorney's fees." Wolinsky, 900 F. Supp. 2d at 336 (internal citations and quotations omitted).

This case is not a collective action. Roberts and her counsel have not requested attorney's fees outside the $27,500.00 proposed settlement.[1] Therefore, the Court need not analyze any such fees in making a determination as to the fairness or reasonableness of this settlement. Moreover, "any reluctance of the Court to approve the settlement' is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes, particularly where, as here, the settlement represents a bona fide settlement of disputes of material fact where

---

[1] On February 4, 2016, the Court held a telephone conference with counsel for Roberts and Defendants in which the parties represented that plaintiff's counsel is not seeking attorney's fees consistent with paragraph 9 of the Joint Motion (Doc. #9).

the range of possible outcomes differs substantially." King, 2015 WL 631253, at *4 (citing Carrillo, 2014 WL 2890309, at *7).

The Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." King, 2015 WL 631253, at *4 (citing Carrillo, 2014 WL 2890309, at *8); see also Brumley v. Camin CargoControl, Inc., Nos. 08-1798, 10-2461, 09-6128, 2012 WL 10919337, at *5-9 (D.N.J. Mar. 26, 2012) (approving FLSA settlement in part but rejecting confidentiality and waiver provisions in proposed settlement).

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement of Fair Labor Standards Act Claim (Doc. 9) is **GRANTED**. This case is dismissed with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

**IT IS FURTHER ORDERED** that the Clerk of Court shall make an entry in the docket record reflecting the dismissal of this action with prejudice.

**IT IS FINALLY ORDERED** that the Court shall retain jurisdiction of this action for the sole purpose of determining whether the settlement should be enforced upon the motion of any party.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2016.